GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

PATRICIA M. NAPIER  3735-0
   pnapier@goodsill.com
THOMAS BENEDICT   5018-0
   tbenedict@goodsill.com
NICOLE Y. ALTMAN   9452-0
   naltman@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Defendants
HILTON WORLDWIDE, INC.;
HILTON MANAGEMENT LLC;
HILTON HOTELS CORPORATION;
HILTON HAWAIIAN VILLAGE LLC;
HILTON RESORTS CORPORATION;
HILTON GRAND VACATIONS CLUB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VERONICA F. GORDON,<br><br>        Plaintiff,<br><br>  vs.<br><br>HILTON WORLDWIDE, INC.;<br>HILTON MANAGEMENT, LLC;<br>HILTON HOTELS CORPORATION;<br>HILTON HAWAIIAN VILLAGE LLC;<br>HILTON RESORTS CORPORATION;<br>HILTON GRAND VACATIONS | CV _____<br><br>DEFENDANTS HILTON WORLDWIDE, INC.; HILTON MANAGEMENT LLC; HILTON HOTELS CORPORATION; HILTON HAWAIIAN VILLAGE LLC;  HILTON RESORTS CORPORATION; AND  HILTON GRAND VACATIONS CLUB'S NOTICE OF REMOVAL; EXHIBIT |

6193403.1

| | |
|---|---|
| CLUB; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY COMPANIES 1-10; DOE BUSINESS ENTITIES 1-10; DOE GOVERNMENTAL ENTITIES 1-10; and DOE UNINCORPORATED ASSOCIATIONS 1-10,<br><br>           Defendants. | A; CERTIFICATE OF SERVICE |

**DEFENDANTS HILTON WORLDWIDE, INC.; HILTON MANAGEMENT LLC; HILTON HOTELS CORPORATION; HILTON HAWAIIAN VILLAGE LLC; HILTON RESORTS CORPORATION; AND HILTON GRAND VACATIONS CLUB'S NOTICE OF REMOVAL**

TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAIʻI

DEFENDANTS HILTON WORLDWIDE, INC.; HILTON MANAGEMENT LLC; HILTON HOTELS CORPORATION; HILTON HAWAIIAN VILLAGE LLC; HILTON RESORTS CORPORATION; AND HILTON GRAND VACATIONS CLUB (collectively "Hilton Defendants") hereby submit this Notice of Removal ("Notice"), petitioning the United States District Court for the District of Hawaiʻi for removal of the above-captioned action, Civil No. 16-1-0401(1), from the Circuit Court of the First Circuit, State of Hawaiʻi, pursuant to 28 U.S.C. §§ 1332 (diversity of citizenship), 1441 and 1446, and submit a short and plain statement of the grounds for removal, as follows:

A.  **Introduction**

1. On December 15, 2016, Plaintiff Veronica F. Gordon ("Plaintiff") filed a Complaint in the Circuit Court of the First Circuit, State of Hawai'i, Civil No. 16-1-2266-12 JHC ("Complaint") against Defendants Hilton Worldwide, Inc.; Hilton Management LLC; Hilton Hotels Corporation; Hilton Hawaiian Village LLC; Hilton Resorts Corporation; Hilton Grand Vacations Club (collectively "Hilton Defendants"); John Does 1-10; Jane Does 1-10; Doe Corporations 1-10; Doe Limited Liability Companies 1-10; Doe Business Entities 1-10; Doe Governmental Entities 1-10; and Doe Unincorporated Associations 1-10 alleging personal injuries from an incident on December 18, 2014, at the Hilton Hawaiian Village located at 2005 Kalia Road, Honolulu, Hawai'i, 96815 ("Hilton Hawaiian Village").  Attached hereto as Exhibit "A" is a true and correct copy of the Complaint.

2. Plaintiff, who is identified as a resident of King County, Washington, alleges that while she was a guest at the Hilton Hawaiian Village, three hotel security guards assaulted her in her hotel room and refused to allow her to leave the room.  (Compl. ¶¶ 14-19.)  Plaintiff alleges that as a result of the security guards' actions, she "suffered severe physical injuries, fear of impending death, severe pain and suffering, severe emotional distress, loss of enjoyment of life, medical and hospital expenses, lost income, lost earning capacity, economic

loss, and other damages . . . ." (Compl. ¶ 22.) She asserts three causes of action against Hilton Defendants: (1) assault and battery; (2) negligence/gross negligence/negligent supervision/hiring/premises liability; and (3) false imprisonment.

**B.    Diversity of Citizenship**

3.    Based upon information and belief, Plaintiff is a citizen of Washington within the meaning of 28 U.S.C. § 1332(a)(1). (*See* Compl. ¶ 1 ("Plaintiff VERONICA F. GORDON is, at all times relevant hereto, and was a resident of King County, State of Washington").)

4.    Defendant Hilton Worldwide, Inc., which is now known as Park Hotels & Resorts Inc., is a Delaware corporation with its principal place of business in Virginia. Defendant Hilton Worldwide, Inc. is therefore deemed a citizen of Delaware and Virginia for purposes of 28 U.S.C. § 1332(a)(1). *See* 28 U.S.C. § 1332(c)(1) ("For purposes of this section …a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

5.    Defendant Hilton Management LLC[1] is a foreign limited liability company. Its sole member is Hilton Domestic Operating Company Inc., a

---

[1] This Defendant's proper name is Hilton Management LLC (rather than Hilton Management, LLC, as named in the Complaint).

4

Delaware corporation with its principal place of business in Virginia.  Defendant Hilton Management LLC is therefore deemed a citizen of Delaware and Virginia for purposes of 28 U.S.C. § 1332(a)(1).  *See Michaels v. Longs Drug Stores Cal., LLC*, No. 14-00396 ACK-KSC, 2014 U.S. Dist. LEXIS 154844, at *5 (D. Haw. Oct. 8, 2014) ("LLCs are citizens 'of every state of which its owners/members are citizens.'") (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).

   6. Defendant Hilton Hotels Corporation, which is now known as Park Hotels & Resorts Inc., is a Delaware Corporation with its principal place of business in Virginia.  Defendant Hilton Hotels Corporation is therefore deemed a citizen of Delaware and Virginia for purposes of 28 U.S.C. 1332(a)(1).

   7. Defendant Hilton Hawaiian Village LLC is a limited liability company.  Its sole member is HLT Hawaii Holding LLC, a foreign limited liability company.  The sole member of HLT Hawaii Holding LLC is Park Intermediate Holdings LLC, a foreign limited liability company.  The sole member of Park Intermediate Holdings LLC is Park Hotels & Resorts Inc., a Delaware corporation with its principal place of business in Virginia.  Defendant Hilton Hawaiian Village LLC is therefore deemed a citizen of Delaware and Virginia for purposes of 28 U.S.C. § 1332(a)(1).  *See Michaels*, 2014 U.S. Dist. LEXIS 154844, at *5.

   8. Defendant Hilton Resorts Corporation is a Delaware

corporation with its principal place of business in Florida.  Defendant Hilton Resorts Corporation is therefore deemed a citizen of Delaware and Florida for purposes of 28 U.S.C. § 1332(a)(1).

9. Defendant Hilton Grand Vacations Club is a trade name[2] of Hilton Resorts Corporation, a Delaware Corporation with its principal place of business in Florida.  Defendant Hilton Grand Vacations Club is therefore deemed a citizen of Delaware and Florida for purposes of 28 U.S.C. § 1332(a)(1).  *See supra* ¶ 8.

10. All other defendants are fictitiously named: John Does 1-10; Jane Does 1-10; Doe Corporations 1-10; Doe Limited Liability Companies 1-10; Doe Business Entities 1-10; Doe Governmental Entities 1-10; and Doe Unincorporated Associations 1-10 ("Doe Defendants").  The citizenship of Doe Defendants shall be disregarded in determining whether an action is removable under 28 U.S.C. § 1332(a).  *See* 28 U.S.C. § 1441(b)(1).

C. **The Amount in Controversy is Satisfied**

11. Based on the allegations in the Complaint, the alleged amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  This Court "may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy" or "may consider facts

---

[2] Defendants assert that a trade name is not an appropriate Defendant.

6

in the removal petition." *Singer v. State Farm Mut. Aut. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997) (citations omitted). Specifically, the Complaint alleges that defendants caused Plaintiff "severe physical injuries, fear of impending death, severe pain and suffering, severe emotional distress, loss of enjoyment of life, medical and hospital expenses, lost income, lost earning capacity, economic loss, and other damages . . . ." (Compl. ¶ 21.) As a result, Plaintiff contends that she suffered general, special and punitive damages, plus pre- and post-judgment interests and costs. (Prayer for Relief at p. 8.)

12. Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. § 1332(a), and this action is one which may be removed to this Court by the Hilton Defendants pursuant to the provisions of 28 U.S.C. § 1441(a) and 1446, respectively, given that the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**D.   Process and Pleadings**

13. Hilton Defendants' agent was served with the Complaint on January 6, 2017. Attached hereto as Exhibit "B" is a true and correct copy of the Service Transmittal Notice.

14. Accordingly, this Notice is timely filed within thirty (30) days of receipt of a "motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable" pursuant to 28 U.S.C. §

7

1446(b)(3).

15. This Notice is also timely filed within one year of the commencement of the action. *See* 28 U.S.C. § 1446(c)(1).

16. The United States District Court for the District of Hawai'i "embrace[es] the place where [the state court] action is now pending," and therefore is the proper District Court to which this case should be removed pursuant to 28 U.S.C. § 1441(a).

17. By removing this action, the Hilton Defendants do not waive any defenses available to them.

18. By removing this action, the Hilton Defendants do not admit any of the allegations in Plaintiff's Complaint.

19. This short and plain statement of the grounds for removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Hilton Defendants pray that the above-entitled action be removed from the Circuit Court of the First Circuit, State of Hawai'i, to the United States District Court for the District of Hawai'i, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DATED: Honolulu, Hawaii, January 26, 2017.

/s/ Patricia M. NaPier
NICOLE Y. ALTMAN
THOMAS BENEDICT
PATRICIA M. NAPIER

Attorneys for Defendants
HILTON WORLDWIDE, INC.;
HILTON MANAGEMENT LLC;
HILTON HOTELS CORPORATION;
HILTON HAWAIIAN VILLAGE LLC;
HILTON RESORTS CORPORATION;
HILTON GRAND VACATIONS CLUB