**BICKERTON ■ DANG**
A LIMITED LIABILITY LAW PARTNERSHIP

JAMES J. BICKERTON          3085
BRIDGET G. MORGAN           8705
Topa Financial Center, Fort Street Tower
745 Fort Street, Suite 801
Honolulu, Hawai'i 96813
Telephone: (808) 599-3811
Facsimile: (808) 694-3090
Email: bickerton@bsds.com; morgan@bsds.com

Attorneys for Plaintiff
VERONICA F. GORDON

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED
2016 DEC 15 PM 3: 09
F. OTAKE
CLERK

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| VERONICA F. GORDON,<br><br>Plaintiff,<br><br>V.<br><br>HILTON WORLDWIDE, INC.; HILTON MANAGEMENT, LLC; HILTON HOTELS CORPORATION; HILTON HAWAIIAN VILLAGE LLC; HILTON RESORTS CORPORATION; HILTON GRAND VACATIONS CLUB; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY COMPANIES 1-10; DOE BUSINESS ENTITIES 1-10; DOE GOVERNMENTAL ENTITIES 1-10; and DOE UNINCORPORATED ASSOCIATIONS 1-10,<br><br>Defendants. | CIVIL NO. 16-1-2266-12 JHC<br>(Other Non-Vehicle Tort)<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS** |

## COMPLAINT

Comes now, Plaintiff VERONICA F. GORDON ("Plaintiff"), by and through her

attorneys, BICKERTON DANG, LLLP, and for a Complaint against Defendants HILTON

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

EXHIBIT A

WORLDWIDE, INC.; HILTON HAWAIIAN VILLAGE LLC; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY COMPANIES 1-10; DOE BUSINESS ENTITIES 1-10; DOE GOVERNMENTAL ENTITIES 1-10; and DOE UNINCORPORATED ASSOCIATIONS 1-10 (jointly "Defendants"), respectfully alleges and avers as follows:

1. Plaintiff VERONICA F. GORDON is, at all times relevant hereto, and was a resident of King County, State of Washington.

2. Defendant HILTON WORLDWIDE, INC. ("Defendant HILTON WORLDWIDE") is, at all times relevant hereto was a Delaware corporation with its principal place of business in the State of Virginia doing business in the State of Hawai'i, City and County of Honolulu, under the trade name of Hilton Hawaiian Village.

3. Defendant HILTON MANAGEMENT LLC ("Defendant Hilton Management") is, and at all times relevant hereto was a Delaware limited liability company with its principal place of business in the State of Virginia doing business in the State of Hawai'i, City and County of Honolulu under the trade name of Hilton Hawaiian Village.

4. Defendant HILTON HOTELS CORPORATION ("Defendant HILTON HOTELS") is, and at all times relevant hereto was a Delaware corporation with its principal place of business in the State of Virginia doing business in the State of Hawai'i, City and County of Honolulu, under the trade name of Hilton Hawaiian Village.

5. Defendant HILTON HAWAIIAN VILLAGE LLC ("Defendant HILTON HAWAIIAN") is, and at all times relevant hereto was a business entity registered as a trade name in the State of Hawai'i with its principal place of business in the State of Hawai'i, City and County of Honolulu.

6.     Defendant HILTON RESORTS CORPORATION ("Defendant HILTON RESORTS") is, and at all times relevant hereto was a Delaware corporation with its principal place of business in the State of Florida doing business in the State of Hawai'i, City and County of Honolulu, under the trade names of Hilton Grand Vacations and/or Hilton Grand Vacations Club.

7.     Defendant HILTON GRAND VACATIONS CLUB ("Defendant HILTON GRAND VACATIONS") is, and at all times relevant hereto was a business entity registered as a trade name in the State of Hawai'i with its principal place of business in the State of Florida doing business in the State of Hawai'i, City and County of Honolulu.

8.     This Court has subject matter jurisdiction over the claims set forth herein pursuant to HRS § 603-21.5, and has personal jurisdiction over Defendants pursuant to HRS § 634-35. Venue is appropriate in the First Circuit Court of the State of Hawai'i pursuant to HRS § 603-36.

9.     JANE DOES 1-10, DOE DEFENDANTS 1-10, DOE CORPORATIONS 1-10, DOE LIMITED LIABILTY COMPANIES 1-10, DOE BUSINESS ENTITIES 1-10, DOE GOVERNMENTAL ENTITIES 1-10, and DOE UNINCORPORATED ASSOCIATIONS 1-10 (hereinafter, "Doe Defendants") are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff except that they were in some manner or form not currently discovered or known to Plaintiff may have contributed to or be responsible for the injuries alleged herein and/or are in some manner legally responsible for the damages and/or injuries to Plaintiff and Plaintiff prays for leave to certify their true names, identities, capacities, activities and/or responsibilities when the same are ascertained. Plaintiff has made a good faith effort to identify said Doe Defendants prior to filing the Complaint, including review of records of the Department of Commerce and Consumer Affairs, property tax

records, incident reports, internet database searches, and reviewing all of Plaintiff's documents and records.

10. HILTON HAWAIIAN VILLAGE (the "Hilton") is a resort property located at 2005 Kalia Road, Honolulu, Hawaii 96815, and is owned and/or operated by Defendants.

11. On or about December 15, 2014, Plaintiff traveled from Seattle to Honolulu, Hawai'i for a vacation with friends.

12. Plaintiff checked into the Hilton Hawaiian Village on December 15, 2014.

13. On December 18, 2014, after having a meal, Plaintiff returned to her hotel room to collect her remaining belongings before checking out of the hotel.

14. Three Hilton security guards were present in Plaintiff's hotel room when Plaintiff entered.

15. The security guards who were present in Plaintiff's hotel room when she entered were wearing uniforms bearing the Hilton logo and/or the word "Hilton" and are believed to have been employees and/or agents of the Hilton Defendants.

16. Plaintiff's hotel room was ransacked when she returned.

17. The security guards who were present in Plaintiff's hotel room detained Plaintiff and refused to allow her to leave the room.

18. The security guards did not have cause or Plaintiff's consent to detain Plaintiff or refuse to allow her to leave her hotel room.

19. When Plaintiff attempted to leave, one of the security guards closed the hotel room door on Plaintiff's fingers and body and slammed Plaintiff the ground, causing Plaintiff's bathing suit top to be ripped off.

20. Defendants intentionally assaulted Plaintiff without provocation or justification, without Plaintiff's consent, and against Plaintiff's will (hereinafter, the "incident" or the "assault").

21. Defendants' assault against Plaintiff was premeditated, volitional and intentional. The assault involved physical force by Defendants which caused injury to Plaintiff.

22. As a proximate result of the assault, Plaintiff suffered severe physical injuries, fear of impending death, severe pain and suffering, severe emotional distress, loss of enjoyment of life, medical and hospital expenses, lost income, lost earning capacity, economic loss, and other special, general and punitive damages to be proved at trial.

23. At the time and place of the events relevant hereto, each of the security guards was the employee or agent of each and all of the Hilton Defendants and was acting within the course and scope of said employment and agency. Each of the Hilton Defendants is vicariously liable for the torts of the security guards while acting in the course and scope of their employment.

24. At the time and place of the events relevant hereto, the Hilton Defendants, and each of them owned, possessed, designed, constructed, supervised, controlled, operated, managed, and maintained the Hilton Hawaiian Village Hotel located in Waikiki, Honolulu, Hawai'i as well as the security department of that hotel.

25. At the time and place of the events relevant hereto, the Hilton Defendants and each of them were members of and engaged in a joint venture or common enterprise.

26. Under the doctrine of *respondeat superior* and/or principles of agency, Defendants are vicariously liable for the aforesaid negligence of their employees and/or agents.

## COUNT I
## ASSAULT AND BATTERY

27. The allegations contained in the paragraphs above are incorporated herein by reference as though fully set forth herein.

28. As a result of the above-described assault, Defendants intentionally caused bodily contact to Plaintiff in a way not justified by Plaintiff's apparent wishes or by a privilege, and the contact was in fact harmful and against Plaintiff's will. Defendants thereby committed the tort of assault and battery against Plaintiff.

29. As a proximate result of the aforesaid assault and battery by Defendants, Plaintiff suffered severe physical injuries, fear of impending death, severe pain and suffering, severe emotional distress, loss of enjoyment of life, medical and hospital expenses, lost income, lost earning capacity, economic loss, and other special, general, and punitive damages to be proved at trial.

30. The aforesaid assault and battery by Defendants was a direct and legal cause of Plaintiff's suffering of severe physical injuries, fear of impending death, severe pain and suffering, severe emotional distress, disfigurement, loss of enjoyment of life, medical and hospital expenses, lost income, lost earning capacity, economic loss, and other special, general and punitive damages to be proved at trial.

31. Under the doctrine of respondeat superior and/or principles of agency, Defendants are vicariously liable for the aforesaid assault and battery of its employees and/or agents.

## COUNT II – NEGLIGENCE/GROSS NEGLIGENCE/NEGLIGENT SUPERVISION/HIRING/PREMISES LIABILTY

32. The allegations contained in the paragraphs above are incorporated herein by reference as though fully set forth herein.

33. Defendants owed a duty to provide their guests, including Plaintiff, with adequate security services for their stay at Hilton Hawaiian Village and for persons entering or leaving the premises and to generally keep their guests free from unreasonable risks of harm while on the hotel premises.

34. Defendants, as the owners and operators of the Hilton Hawaiian Village, were grossly negligent in that, among other things, they failed to exercise due care in the ownership, management, operation, supervision, and hiring of employees to ensure that visitors were not subject to unreasonable risk of harm while on the hotel premises. As described above, the Defendants' negligence resulted in the assault and battery and false imprisonment of Plaintiff, which caused Plaintiff to suffer substantial injuries and damages.

35. Defendants negligently failed to provide their guests with adequate and appropriate security and were grossly negligent in their failure to assist Plaintiff once she was in harm's way, thereby permitting injury to Plaintiff.

36. Defendants were grossly negligent in hiring, training, supervising their security guards and/or negligent in failing to adopt and enforce effective security policies, protocols, and programs to protect their hotel guests.

37. As a proximate result of the aforesaid negligence of Defendants, Plaintiff suffered severe physical injuries, fear of impending death, severe pain and suffering, severe emotional distress, disfigurement, loss of enjoyment of life, medical and hospital expenses, lost income, lost earning capacity, economic loss, and other special, general, and punitive damages to be proved at trial.

38. The aforesaid negligence of Defendants was a direct and legal cause of Plaintiff's suffering of severe physical injuries, fear of impending death, severe pain and suffering, severe

emotional distress, loss of enjoyment of life, medical and hospital expenses, lost income, lost earning capacity, economic loss, and other special, general, and punitive damages to be proved at trial.

## COUNT III – FALSE IMPRISONMENT

39. The allegations contained in the paragraphs above are incorporated herein by reference as though fully set forth herein.

40. Defendants' employees and/or agents intentionally confined Plaintiff in her hotel room without Plaintiff's consent.

41. Defendants' employees and/or agents knew or should have known that they had no lawful authority to detain Plaintiff.

42. The conduct of Defendants' employees and/or agents constituted the false imprisonment of Plaintiff.

43. Plaintiff suffered damages as a proximate result of the aforementioned false imprisonment.

44. Under the doctrine of respondeat superior and/or principles of agency, Defendants are vicariously liable for the aforesaid false imprisonment of Plaintiff.

WHEREFORE, Plaintiff prays that this Court enter a judgment in her favor and against Defendants, jointly and severally if and where appropriate, as follows:

    a. An award of special damages in an amount to be shown at trial;

    b. An award of general damages in an amount to be shown at trial;

    c. Punitive damages against the Hilton Defendants;

    d. An award of pre- and post-judgment interest;

    e. An award of costs; and

    f.   Such other and further relief as this Court deems just and proper and as may be permitted at law.

DATED: Honolulu, Hawai'i, December 15, 2016.

_____
JAMES J. BICKERTON
BRIDGET G. MORGAN
Attorneys for Plaintiff
VERONICA F. GORDON

# IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
# STATE OF HAWAI'I

| | |
|---|---|
| VERONICA F. GORDON,<br><br>  Plaintiff,<br><br>v.<br><br>HILTON WORLDWIDE, INC.; HILTON MANAGEMENT, LLC; HILTON HOTELS CORPORATION; HILTON HAWAIIAN VILLAGE LLC; HILTON RESORTS CORPORATION; HILTON GRAND VACATIONS CLUB; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY COMPANIES 1-10; DOE BUSINESS ENTITIES 1-10; DOE GOVERNMENTAL ENTITIES 1-10; and DOE UNINCORPORATED ASSOCIATIONS 1-10,<br><br>  Defendants. | CIVIL NO. 16-1-2266-12 JHC<br>(Other Non-Vehicle Tort)<br><br>**DEMAND FOR JURY TRIAL** |

## DEMAND FOR JURY TRIAL

Plaintiff VERONICA F. GORDON, by and through her attorneys, Bickerton Dang LLLP, hereby demands trial by jury on all issues triable herein.

DATED: Honolulu, Hawai'i, December 15, 2016.

JAMES J. BICKERTON
BRIDGET G. MORGAN
Attorneys for Plaintiff
VERONICA F. GORDON

# IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
# STATE OF HAWAI'I

| | |
|---|---|
| VERONICA F. GORDON,<br><br>Plaintiff,<br><br>v.<br><br>HILTON WORLDWIDE, INC.; HILTON MANAGEMENT, LLC; HILTON HOTELS CORPORATION; HILTON HAWAIIAN VILLAGE LLC; HILTON RESORTS CORPORATION; HILTON GRAND VACATIONS CLUB; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY COMPANIES 1-10; DOE BUSINESS ENTITIES 1-10; DOE GOVERNMENTAL ENTITIES 1-10; and DOE UNINCORPORATED ASSOCIATIONS 1-10,<br><br>Defendants. | CIVIL NO. 16 - 1 - 2 2 66 - 12   JHC<br>(Other Non-Vehicle Tort)<br><br>**SUMMONS** |

## SUMMONS

TO ALL NAMED DEFENDANTS:

You are hereby summoned and required to file with the court and serve upon Plaintiff's attorneys, Bickerton Dang, whose address is 745 Fort Street, Ste. 801, Honolulu, Hawai'i 96813, an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Pursuant to Rule 4(b) of the Hawaii Rules of Civil Procedure, this summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general

public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawai`i, _____DEC 1 5 2016_____.

F. OTAKE

[SEAL - FIRST CIRCUIT COURT STATE OF HAWAII]

CLERK OF THE ABOVE-ENTITLED COURT

2